# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LUSTA JOHNSON, #46356-424, | ) ) ) |
| Plaintiff, | ) ) ) Case No. 17−cv−00252−JPG |
| vs. | ) ) |
| ELIZABETH MILLS, K. SCHNEIDER, DOUGLAS KRUSE, J. JOLLIFF, and PAUL KELLEY, | ) ) ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Lusta Johnson, an inmate who is currently incarcerated at the Federal Correctional Institution located in Milan, Michigan, brings this action pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). In his Complaint, Plaintiff claims that he was denied treatment for multiple fractures in his left foot by five officials at the Federal Correctional Institution located in Greenville, Illinois ("FCI-Greenville"). (Doc. 1, pp. 4-5). He seeks monetary relief against all of them. (Doc. 1, p. 6). This case is now before the Court for a preliminary review of the Complaint (Doc. 1) pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief
>     may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from
>     such relief.

1

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## **The Complaint**

While incarcerated at FCI-Greenville in 2014-15, Plaintiff met with several members of the medical staff about swelling and pain in his left foot. (Doc. 1, p. 4). These medical providers included K. Schneider (physician's assistant), Elizabeth Mills (physician's assistant), J. Jolliff (nurse), Paul Kelley (nurse), and Douglas Kruse (doctor). (Doc. 1, pp. 4-5). For more than a year, they failed to properly diagnose multiple fractures in Plaintiff's left foot, despite his frequent complaints of persistent pain. (Doc. 1, p. 5).

Plaintiff first complained of pain and swelling on October 2, 2014. (Doc. 1, p. 4). An x-ray was taken of his left foot on or around November 11, 2014, and it was "negative" for any fractures. (Doc. 1, p. 5). However, the left foot pain and swelling persisted. (Doc. 1, pp. 4-5). For the next year, Plaintiff registered "continuous complaints of pain and discomfort" with all five defendants. (Doc. 1, p. 4). Between April and October 2015, Plaintiff alleges that he complained of these symptoms to the defendants "repeatedly." (Doc. 1, p. 5). He describes no

efforts that were undertaken by the defendants to treat his symptoms of pain or swelling during this time. (Doc. 1, pp. 4-5).

A second set of x-rays was finally taken of Plaintiff's foot on or around October 7, 2015. (Doc. 1, p. 5). The radiology report revealed "abnormal" findings that included subacute fractures to the second, third, and fourth metatarsals, a bunion, and swelling of the forefoot. *Id*. Plaintiff includes no description of the defendants' treatment plan for him after receiving these results.

He now sues all five defendants for denying him adequate medical care for his left foot fractures, pain, and swelling. (Doc. 1, pp. 4-5). He seeks monetary damages. (Doc. 1, p. 6). Plaintiff brings his claims against the defendants in their official capacity only. (Doc. 1, p. 8).

## **Merits Review Under 28 U.S.C. § 1915A**

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court has organized the claim in Plaintiff's *pro se* Complaint into the following count:

> **Count 1 -** Defendants violated Plaintiff's right to be free from cruel and unusual punishment, in violation of the Eighth Amendment and *Bivens*, when they failed to provide him with adequate medical care for his left foot fractures, swelling, and pain for more than a year beginning in October 2014.

Plaintiff cannot proceed with Count 1 at this time. The Court lacks jurisdiction over Plaintiff's official capacity claim for money damages against the five federal officials who are named as defendants. (Doc. 1, p. 8). *Bivens* authorizes damages suits against individual federal officials only. *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971); *Carlson v. Green*, 446 U.S. 14, 21 (1980); *F.D.I.C. v. Meyer*, 510 U.S. 471, 485 (1994). However, it does not authorize such suits against the United States, its agencies, or its employees in their official

capacity. *See Marozsan v. United States*, 849 F. Supp. 617 (N.D. Ind. 1994) (citations omitted). Absent some sort of waiver, the doctrine of sovereign immunity bars suits for money damages against the United States. *F.D.I.C. v. Meyer*, 510 U.S. at 476. Naming a federal official in his or her official capacity is the same as naming the United States.

The United States has not waived sovereign immunity for damages claims based on constitutional violations. Indeed, the point of "*Bivens* was to establish an action against the employee to avoid sovereign immunity that would block an action against the United States, and thus would block an official-capacity action, too." *Sterling v. United States*, 85 F.3d 1225, 1228-29 (7th Cir. 1996) (citing *Kentucky v. Graham*, 473 U.S. 159, (1985)).

This Court lacks jurisdiction over Plaintiff's claim for monetary damages under *Bivens* against the federal employees in their official capacities. Plaintiff should have brought this claim against the defendants in their individual capacities. He did not do so.

Accordingly, the Complaint shall be dismissed. However, the dismissal shall be without prejudice, and Plaintiff is granted leave to file an amended complaint that corrects this defect. If he chooses to file an amended complaint, Plaintiff must follow the instructions and deadline for doing so in the below disposition.

### Pending Motion

Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 3) shall be addressed in a separate court order.

### Disposition

**IT IS HEREBY ORDERED** that the Complaint (Doc. 1) is **DISMISSED** without prejudice. Plaintiff is **GRANTED** leave to file a "First Amended Complaint" **on or before May 24, 2017.** Should Plaintiff fail to file his First Amended Complaint within the allotted time or

consistent with the instructions set forth in this Order, the action shall be dismissed with prejudice. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915A. Further, a "strike" may be assessed against him. *See* 28 U.S.C. § 1915(g).

Should Plaintiff decide to file a First Amended Complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "First Amended Complaint," and he should use the case number for *this* action (*i.e.* 17-cv-00252-JPG). The pleading shall present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that defendant. Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits. Plaintiff should *include only related claims* in his First Amended Complaint. Claims found to be unrelated to the Eighth Amendment medical needs claim will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed. To enable Plaintiff to comply with this order, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces all prior complaints, rendering them void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading. Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00[1] remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: April 25, 2017**

*s/J. Phil Gilbert*
**District Judge**
**United States District Court**

---

[1] Pursuant to 28 U.S.C. § 1914, effective May 1, 2013, an additional $50.00 administrative fee is also to be assessed in all civil actions, *unless* pauper status has been granted.