IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LUSTA JOHNSON, #46356-424, | ) ) ) |
| Plaintiff, | ) ) ) Case No. 17−cv−00252−JPG |
| vs. | ) ) |
| ELIZABETH MILLS, K. SCHNEIDER, DOUGLAS KRUSE, J. JOLLIFF, and PAUL KELLEY, | ) ) ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is now before the Court for preliminary review of the First Amended Complaint filed by Plaintiff Lusta Johnson. (Doc. 14). Plaintiff is currently incarcerated at the Federal Correctional Institution located in Milan, Michigan ("FCI-Milan"). He brings this action pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). In the First Amended Complaint, Plaintiff claims that he was denied treatment for multiple left foot fractures by medical providers at the Federal Correctional Institution located in Greenville, Illinois ("FCI-Greenville"). (Doc. 14, pp. 6-8). These individuals include Elizabeth Mills (physician's assistant), K. Schneider (physician's assistant), Douglas Kruse (doctor), J. Jolliff (nurse), and Paul Kelley (nurse). Plaintiff claims that all five providers exhibited deliberate indifference to his serious medical condition in violation of the Eighth Amendment. (Doc. 14, p. 9). He seeks monetary damages against them. *Id.*

1

This case is now before the Court for preliminary review of the First Amended Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). The First Amended Complaint survives screening under this standard.

## First Amended Complaint

On October 2, 2014, Plaintiff alleges that he met with personnel in FCI-Greenville's Health Services Unit ("HSU") to discuss his complaints of a sore and swollen left foot. (Doc. 14, p. 6). Following a negative finding on a radiology report dated November 11, 2014, Plaintiff was informed that his foot was not fractured. *Id.* For more than a year, he registered "continuous complaints of pain and discomfort" with the following HSU employees:

2

K. Schneider (PA-C), Elizabeth Mills (PA-C), Douglas Kruse (doctor), J. Jollieff[1] (nurse), and Paul Kelley (nurse). *Id*. Between April and October 2015, he also complained of swelling. *Id*.

A radiology report dated October 7, 2015, revealed "abnormal" findings with "subacute fractures to the 2nd, 3rd, and 4th metatarsals and a halix valgus 41 degrees and swelling of the forefoot." (Doc. 14, p. 6). Plaintiff met with P.A. Mills to review the report on October 8, 2015. *Id*. When she told him about the multiple left foot fractures, Plaintiff asked Mills if he had "been walking around one year with a fracture[d] foot." *Id*. She confirmed that he had. *Id*. She said that she "missed" the fractures on the original x-ray. *Id*. P.A. Mills then gave Plaintiff a walking boot until he could be seen by a podiatrist. *Id*.

Plaintiff met with Doctor Adamovsky on November 19, 2015. (Doc. 14, p. 7). The doctor placed his foot in a fiberglass cast. *Id*. He was placed in a second fiberglass cast at Feet First Podiatry on December 17, 2015. *Id*. He was also issued crutches at FCI-Greenville on January 7, 2016. *Id*. After noting that his foot appeared to be healing well, Doctor Adamovsky removed his cast and issued him a walker boot sometime thereafter. *Id*. On March 15, 2016, Plaintiff requested a follow-up x-ray and assessment. *Id*.

Before receiving either, he transferred to FCI-Milan. (Doc. 14, p. 7). On April 27, 2016, he underwent a health screening at the new facility. *Id*. He requested further treatment in a sick call request on May 6, 2016. *Id*. Plaintiff was assessed for foot and ankle pain and prescribed Amitriptyline (10mg) for pain. *Id*. An x-ray was also taken of his left foot. *Id*. He received the results on May 17, 2016. *Id*. The x-ray report indicated that the second, third, fourth, and fifth metatarsals showed deformity from an old fracture. *Id*. To date, he has not met with a podiatrist for further evaluation of his left foot. *Id*.

---

[1] In the case caption and list of defendants, Plaintiff identifies this individual as "J. Jolliff" and not "J. Jollieff." (Doc. 14, pp. 1-2).

Plaintiff requested a sick call visit on July 8, 2016, after complaining of extreme pain, burning, and numbness in his left foot. (Doc. 14, p. 8). Doctor Wilson examined him and prescribed him nonsteroidal anti-inflammatory drugs for pain. *Id*. He returned on August 31, 2016, after eight months without a follow-up visit with the podiatrist. *Id*. Plaintiff was informed that his fractures were healed, and no further treatment was necessary. *Id*. Even so, he was prescribed more nonsteroidal anti-inflammatory drugs. *Id*. When Plaintiff again complained of burning sensations in his left foot and leg, Doctor Wilson and Nurse Pomalor prescribed him medication to treat nerve damage. *Id*.

Plaintiff alleges that he still has "little to no feeling" in two of his toes and a burning sensation in his left foot and leg. (Doc. 14, p. 6). He blames these lingering symptoms on the delay in treatment at FCI-Greenville. (Doc. 14, pp. 6, 8). He seeks monetary relief against Mills, Schneider, Kruse, Jolliff, and Kelley. (Doc. 14, p. 9).

## **Merits Review Under 28 U.S.C. § 1915A**

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court has organized the claim in Plaintiff's *pro se* First Amended Complaint into the following count:

> **Count 1 -** Defendants violated Plaintiff's right to be free from cruel and unusual punishment, in violation of the Eighth Amendment and *Bivens*, when they failed to provide him with adequate medical care for his left foot fractures, swelling, and pain for more than a year beginning in October 2014.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designations do not constitute an opinion as to the merits of each claim.

The *Bivens* claim in Count 1 against Defendants Mills, Schneider, Kruse, Jolliff, and Kelley shall receive further review. A *Bivens* claim is the federal counterpart to a claim brought pursuant to 42 U.S.C. § 1983. *Bush v. Lucas*, 462 U.S. 367, 374 (1983). Both types of claims "are conceptually identical and further the same policies." *Green v. Carlson*, 581 F.2d 669, 673 (7th Cir. 1978). For this reason, courts regularly look to § 1983 case law for guidance in construing the scope of the *Bivens* remedy. *Id.* The Court has done so in this case.

The Eighth Amendment protects prisoners against cruel and unusual punishment. Prison officials violate the Eighth Amendment when they respond to an inmate's serious medical need with deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Edwards v. Snyder*, 478 F.3d 827, 830-31 (7th Cir. 2007). To state a claim, an inmate must allege facts sufficient to demonstrate an objectively serious risk of harm and a subjectively culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Edwards*, 478 F.3d at 830-31.

The allegations satisfy the objective and subjective components of this claim for screening purposes. Plaintiff suffered from multiple foot fractures and reported swelling and pain that persisted unabated for more than a year. *See, e.g., Perez v. Fenoglio*, 792 F.3d 768 (7th Cir. 2015) (ten-month delay in meaningful treatment of severely injured hand supported Eighth Amendment claim at screening); *Baker v. Wexford Health Sources, Inc.*, 118 F. Supp. 3d 985 (N.D. Ill. 2015) (undisputed that fractured arm was objectively serious). Where prison officials delay, as opposed to deny, medical care for a serious medical condition, the delay generally must have some sort of detrimental effect on the inmate's health. *Walker v. Benjamin*, 293 F.3d 1030, 1038 (7th Cir. 2002). Pain that serves no penological purpose is one such detrimental effect. *Perez*, 792 F.3d at 776-79; *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d at 828. The First Amended Complaint describes permanent pain and deformity that resulted from the delay in

5

treatment of his fracture foot. (Doc. 14, pp. 6-8). He alleges that each of the named defendants was directly responsible for delaying adequate medical care for his injury. Accordingly, Count 1 shall receive further review against Defendants Mills, Schneider, Kruse, Jolliff, and Kelley.

Plaintiff names no other defendants in connection with this claim. However, he mentions several other individuals in the statement of his claim, including Doctor Wilson, Doctor Adamovsky, Doctor Kisliahn, and Nurse Pomalor, among others. (Doc. 14, pp. 6-8). These individuals are not named as defendants in the First Amended Complaint. For this reason, any claims against them should be considered dismissed without prejudice from this action. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif[ied] in the caption").

**Disposition**

**IT IS HEREBY ORDERED** that **COUNT 1** in the First Amended Complaint (Doc. 14) shall receive further review against Defendants **ELIZABETH MILLS, K. SCHNEIDER, DOUGLAS KRUSE, J. JOLLIFF,** and **PAUL KELLEY**. With regard to **COUNT 1**, the Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons and form USM-285 for service of process on **ALL NAMED DEFENDANTS**; the Clerk shall issue the completed summons. The United States Marshal **SHALL** serve Defendants **ELIZABETH MILLS, K. SCHNEIDER, DOUGLAS KRUSE, J. JOLLIFF,** and **PAUL KELLEY** pursuant to Rule 4(e) of the Federal Rules of Civil Procedure.[2] All costs of service shall be advanced by the United

---

[2] Rule 4(e) provides, "an individual – other than a minor, an incompetent person, or a person whose waiver has been filed – may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides

States, and the Clerk shall provide all necessary materials and copies to the United States Marshals Service.

**IT IS ORDERED** that, if a Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

**IT IS ORDERED** that pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a **United States Magistrate Judge** for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter is **REFERRED** to a **United States Magistrate Judge** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court,

---

there; or (C) delivering a copy of each to an agent authorized by appointment or law to receive service of process."

who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1)

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: September 7, 2017**

*s/J. Phil Gilbert*
**District Judge**
**United States District Court**