UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LUSTA JOHNSON,

    Plaintiff,

  v.

ELIZABETH MILLS, K. SCHNEIDER, DOUGLAS
KRUSE, J. JOLLIFF and PAUL KELLEY,

    Defendants.

Case No. 17-cv-252-JPG-SCW

## MEMORANDUM AND ORDER

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 56) of Magistrate Judge Stephen C. Williams recommending that the Court deny the defendants' motion to dismiss or, in the alternative, motion for summary judgment for failure to exhaust administrative remedies (Doc. 29). The defendants object to the Report (Doc. 57).

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

This case arose after plaintiff Lusta Johnson, at all relevant times an inmate at the Federal Correctional Institute in Greenville, Illinois, injured his left foot some time in 2014. An April 2015 x-ray showed no fracture, but Johnson continued to suffer pain and swelling. Prison medical staff gave him pain medication but denied an MRI. The pain and swelling persisted.

In September 2015, Johnson addressed the matter with his counselor and then on

September 25, 2015, filed an Administrative Remedy Request, commonly referred to as a BP-9, with the warden. In that BP-9 he asked "to receive proper medical attention" and cited several specific things he had been denied—a diagnosis, an MRI, a medical boot, a low bunk pass, and effective medication (Doc. 29-1 at 11). On November 9, 2015, the warden responded by reviewing the care Johnson had received, including a new x-ray, a medication change, a boot, and a referral to a podiatrist in the near future. The warden concluded that Johnson had "already received appropriate diagnosis and continuing treatment of [his] foot pain" (Doc. 29-1 at 13). Johnson did not appeal the warden's response to the Bureau of Prisons Regional Director because he was scheduled to see a podiatrist and did not need further administrative remedies. He also claims the prison did not provide him sufficient guidance about how to appeal the warden's decision.

In December 2015, Johnson filed another BP-9 that was identical in substance to his September 2015 BP-9. On January 22, 2016, the warden responded by reviewing the care Johnson had received, including three podiatrist visits since the warden's response to Johnson's September 2015 BP-9. The podiatrist had diagnosed Johnson with multiple fractures and had put his foot in a cast. Johnson was provided a wheelchair, and later crutches and a boot, back at the prison. The warden noted that the podiatrist had said after Johnson's most recent visit that his foot was healing well. The warden assured Johnson that prison health staff would continue to follow his progress. Johnson did not appeal the warden's response to the Regional Director. He was transferred to another prison outside this district in April 2016.

Johnson filed this lawsuit in March 2017 complaining of ongoing pain he continues to suffer that he believes is a result of the delay in treatment for his foot.

Magistrate Judge Williams concluded that Johnson had exhausted his administrative

remedies and did not need to appeal the warden's responses because he had already obtained the relief he sought—a diagnosis, care from a podiatrist, and appropriate assistive devices. Citing *Thornton v. Snyder*, 428 F.3d 690, 696-97 (7th Cir. 2005), Magistrate Judge Williams noted that an inmate is not required to appeal once he obtains the relief he seeks and no further remedies are available. Accordingly, he recommended the Court deny the defendants' motion.

The defendants object to the Report on the ground that *Thornton v. Snyder*, 428 F.3d 690 (7th Cir. 2005), is distinguishable from the case at bar. They note that in *Thornton*, an inmate complained of his cell conditions and an unsatisfactory mattress. *Id.* at 692-93. The inmate was moved to a new cell and given a different mattress while his grievances were pending, so the Court found there was no longer any available relief that could be awarded and therefore no further remedies to exhaust. *Id.* at 696-97.

The defendants argue *Thornton* is distinguishable because in that case, the prison was able to provide final, concrete, immediately rectifying solutions to the inmate's grievances—a cell change and a different mattress—unlike this case, where Johnson's foot complaints were not completely and finally resolved with the warden's response. Instead, in this case the warden denied that the prison had provided inadequate treatment to date and promised to provide further treatment going forward. That further care remained available to Johnson, the defendants argue, means that Johnson did not receive all the relief he sought and that further remedies were still available.

The Court has considered the matter *de novo* and agrees with Magistrate Judge Williams for the reasons stated in the Report. First, contrary to the defendants' suggestion, nothing in *Thornton* limits its holding to situations where concrete relief brings a final end to all of an inmate's complaints. Second, even if the holding were so limited, that is what happened in this

3

case. While Johnson mentions not getting an MRI, a medical boot, a low bunk pass or effective medication, those were merely examples of the gravamen of his complaint—he felt his medical problem had been ignored for too long. In fact, a careful review of Johnson's complaints reveals that his gripe is not with the substance of his eventual treatment but with *the delay* in his diagnosis and treatment, to which he attributes his current suffering. He was injured in 2014, and as of September 2015 he was still suffering without any diagnosis or effective treatment. In essence, he was languishing. His September 2015 grievance appeared to have sparked renewed attention from medical personnel—that is, *it ended the delay in his treatment*. Within two weeks of his grievance, he was given another x-ray, a medical boot, new pain medication and a referral to a podiatrist. This is concrete, final relief from the delay about which Johnson complained. That the treatment of Johnson's injured foot is ongoing does not diminish the fact that his grievance stopped the delay in treatment about which he complains in his grievances and in this lawsuit.

For these reasons, the Court:

- **ADOPTS** the Report in its entirety (Doc. 56);
- **OVERRULES** the defendants' objections (Doc. 57); and
- **DENIES** the defendants' motion to dismiss or, in the alternative, motion for summary judgment for failure to exhaust administrative remedies (Doc. 29).

**IT IS SO ORDERED.**
**DATED: August 17, 2018**

                                       s/ J. Phil Gilbert
                                       **J. PHIL GILBERT**
                                       **DISTRICT JUDGE**